# Order

Michigan Supreme Court
Lansing, Michigan

May 5, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

130054-130063

DOROTHY CREECH,
        Plaintiff-Appellee,

v

W.A. FOOTE MEMORIAL HOSPITAL, INC.,
        Defendant-Appellant,

and

STERIS CORPORATION,
        Defendant-Appellee.
_____/

SC: 130054
COA: 237437
Jackson CC: 00-005650-NH

JAY C. PORTER,
        Plaintiff-Appellee,

v

W.A. FOOTE MEMORIAL HOSPITAL, INC.,
        Defendant-Appellant,

and

STERIS CORPORATION,
        Defendant-Appellee.
_____/

SC: 130055
COA: 237438
Jackson CC: 00-005711-NO

SARAH E. WILLIAMS, JOHN WALLACE, and
SHARON WALLACE,
        Plaintiffs-Appellees,

v

W.A. FOOTE MEMORIAL HOSPITAL, INC.,
        Defendant-Appellant,

SC: 130056
COA: 237439
Jackson CC: 00-005740-NH

and

STERIS CORPORATION,
    Defendant-Appellee.
_____/

JERRY RICHARD MOORE, SHEREE MOORE,
DENISE REYNOLDS, and GLEN REYNOLDS,
    Plaintiffs-Appellees,

v

W.A. FOOTE MEMORIAL HOSPITAL, INC.,
    Defendant-Appellant,
and

STERIS CORPORATION,
    Defendant-Appellee.
_____

SC: 130057
COA: 237440
Jackson CC: 00-005752-NH

JAY ANSON, DOUGLAS AYLESWORTH, JANET BEILFUSS, CHARLES BELTZ, THEODORE BREZINSKI, REBECCA BURT, RENE CHAPA, DAVID CLAUCHERTY, MAURINE CORYELL, MARY CRANDALL, DIANE EMERY, LINDA FARLEY, JOLA FARRELL, LESTER FIDLER, MARK E. GORZEN, MARY GREEN, RUTH HALE, SHAWN HAMLIN, BARBARA JEAN HARDEN, HERBERT ISAACS, MARY JACOBSON, PAUL KOZLOWICZ, RAY LEWIS, TERESA MAY, DAVID CLYDE MEISTER, LUCILLE MEYER, KEVIN MILLER, NICHOLAS MILLER, DONALD MOON, RUBY MONTGOMERY, CAROLINE MYERS, ARTHUR NASTALLY, SUSAN PERRY, TERRY PHALEN, RONALD RACER, ROBERT REESE, ROBERT RICHARDSON, VALERIE RODERICK, LUCILLE SEPTA, DANNY SMITH, FRED STEWART, ROBERT THOMAS, ROY LEE THOMASSON, JANET TODD, PATRICIA TREFRY, TONE TRUSTY, KIMBERLY TUCKER, CHARLES WALKER, STEPHANIE WALSH, KATHLEEN WILSON, BERNARD YAGER, SUSAN AYLESWORTH, LINDA

BREZINSKI, MRS. CLAUCHERTY, STEVEN D. EMERY, WILLIAM A. FARLEY, JR., SHIRLEY FIDLER, SUE GORZEN, EUGENE GREEN, JOYCE ISAACS, LAWRENCE O. JACOBSON, JOAN KOZLOWICZ, JAMES P. MAY, PHYLLIS A. MEISTER, JAMES MEYER, DEE MOON, EMILY NASTALLY, MARY PHALEN, MARY E. RICHARDSON, JEAN STEWART, PHYLLIS J. THOMAS, SANDRA F. THOMASSON, MARIA TRUSTY, GENE T. TUCKER, KIMBERLY WALKER, JASON WALSH, JACK WHEELER, JOY YAGER, and ALL OTHERS SIMILARLY SITUATED,
   Plaintiffs-Appellees,

v

W.A. FOOTE MEMORIAL HOSPITAL, INC.,
   Defendant-Appellant,
and

STERIS COPORATION,
   Defendant-Appellee.
_____/

SC: 130058
COA: 237441
Jackson CC: 01-000755-NO

JERRY RICHARD MOORE, SHEREE L. MOORE, DENISE REYNOLDS, GLEN REYNOLDS, and ALL OTHERS SIMILARLY SITUATED,
   Plaintiffs-Appellees,

v

W.A. FOOTE MEMORIAL HOSPITAL, INC.,
   Defendant-Appellant,

and

STERIS CORPORATION,
   Defendant-Appellee.
_____

SC: 130059
COA: 237442
Jackson CC: 00-005752-NH

DOROTHY CREECH and ALL OTHERS SIMILARLY SITUATED,
   Plaintiffs-Appellees,

v

W.A. FOOTE MEMORIAL HOSPITAL, INC.,
       Defendant-Appellant,

and

STERIS CORPORATION,
       Defendant-Appellee.

_____

SC: 130060
COA: 237443
Jackson CC: 00-005650-NH

SARAH E. WILLIAMS, JOHN WALLACE,
SHARON WALLACE, and ALL OTHERS
SIMILARLY SITUATED,
       Plaintiffs-Appellees,

v

W.A. FOOTE MEMORIAL HOSPITAL, INC.,
       Defendant-Appellant,

and

STERIS CORPORATION,
       Defendant-Appellee.

_____/

SC: 130061
COA: 237444
Jackson CC: 00-005740-NH

JAY C. PORTER and ALL OTHERS SIMILARLY
SITUATED,
       Plaintiffs-Appellees,

v

W.A. FOOTE MEMORIAL HOSPITAL, INC.,
       Defendant-Appellant,

and

STERIS CORPORATION,
       Defendant-Appellee.

_____/

SC: 130062
COA: 237445
Jackson CC: 005711-NH

JAY ANSON, DOUGLAS AYLESWORTH,

JANET BEILFUSS, CHARLES BELTZ, THEODORE BREZINSKI, REBECCA BURT, RENE CHAPA, DAVID CLAUCHERTY, MAURINE CORYELL, MARY CRANDALL, DIANE EMERY, LINDA FARLEY, JOLA FARRELL, LESTER FIDLER, MARK E. GORZEN, MARY GREEN, RUTH HALE, SHAWN HAMLIN, BARBARA JEAN HARDEN, HERBERT ISAACS, MARY JACOBSON, PAUL KOZLOWICZ, RAY LEWIS, TERESA MAY, DAVID CLYDE MEISTER, LUCILLE MEYER, KEVIN MILLER, NICHOLAS MILLER, DONALD MOON, RUBY MONTGOMERY, CAROLINE MYERS, ARTHUR NASTALLY, SUSAN PERRY, TERRY PHALEN, RONALD RACER, ROBERT REESE, ROBERT RICHARDSON, VALERIE RODERICK, LUCILLE SEPTA, DANNY SMITH, FRED STEWART, ROBERT THOMAS, ROY LEE THOMASSON, JANET TODD, PATRICIA TREFRY, TONE TRUSTY, KIMBERLY TUCKER, CHARLES WALKER, STEPHANIE WALSH, KATHLEEN WILSON, BERNARD YAGER, SUSAN AYLESWORTH, LINDA BREZINSKI, MRS. CLAUCHERTY, STEVEN D. EMERY, WILLIAM A. FARLEY, JR., SHIRLEY FIDLER, SUE GORZEN, EUGENE GREEN, JOYCE ISAACS, LAWRENCE O. JACOBSON, JOAN KOZLOWICZ, JAMES P. MAY, PHYLLIS A. MEISTER, JAMES MEYER, DEE MOON, EMILY NASTALLY, MARY PHALEN, MARY E. RICHARDSON, JEAN STEWART, PHYLLIS J. THOMAS, SANDRA F. THOMASSON, MARIA TRUSTY, GENE T. TUCKER, KIMBERLY WALKER, JASON WALSH, JACK WHEELER, JOY YAGER, and ALL OTHERS SIMILARLY SITUATED,
            Plaintiffs-Appellees,

v

                  SC: 130063
                  COA: 237446
                  Jackson CC: 01-000755-NO

W.A. FOOTE MEMORIAL HOSPITAL, INC.,

　　　　　　　Defendant-Appellant,

and

STERIS CORPORATION,
　　　　　　　Defendant-Appellee.

_____/

　　　　On order of the Court, the application for leave to appeal the October 28, 2005 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the Court of Appeals order and REMAND this case to the Court of Appeals for determination of the question whether plaintiffs have presented valid tort claims.  Contrary to the order of the Court of Appeals, consideration of that issue does not require a remand to the Jackson Circuit Court for findings.  In all other respects, leave to appeal is denied, because we are not persuaded that the remaining question presented should be reviewed by this Court.

　　　　CORRIGAN, J., concurs and states as follows:

　　　　I concur with the order vacating the Court of Appeals order and remanding to the Court of Appeals for reconsideration of whether plaintiffs have presented valid tort claims.  I write separately because I agree with the dissenting Court of Appeals judge that under *Henry v Dow Chemical Co*, 473 Mich 63 (2005), plaintiffs have failed to state valid tort claims.

　　　　Plaintiffs underwent endoscopies at the defendant hospital in 2000.  The hospital later informed plaintiffs that the endoscopes used in the procedure may not have been properly disinfected, potentially exposing them to disease.  Plaintiffs filed suits alleging negligence and claims of emotional distress.  The hospital moved for summary disposition, arguing, among other things, that plaintiffs had failed to state a claim because they had alleged only potential, rather than actual, exposure to disease.  The trial court denied the hospital's motion, ruling that plaintiffs had made viable claims for emotional distress.  The court determined that plaintiffs' allegations of nervousness caused by exposure to the unsterilized equipment were enough to state claims of physical injury, and plaintiffs could recover for other compensable injury, including continued medical monitoring.

　　　　In a split unpublished opinion issued June 8, 2004 (Docket Nos. 237437-237446), the Court of Appeals majority held that because the parties had not yet conducted discovery, it would not address whether summary disposition was appropriate where

plaintiffs had allegedly failed to claim any injury other than emotional distress.[1] Judge Murray, in his partial concurrence/dissent, opined that the trial court should have ruled as a matter of law that plaintiffs cannot recover emotional distress or similar damages for fear that they may have been exposed to disease. He opined that the law does not allow for the recovery of such speculative damage claims.

Defendants applied for leave to appeal in this Court, and the case was held in abeyance for *Henry*. 695 NW2d 68 (2005). After *Henry* was decided, this Court remanded this case to the Court of Appeals for reconsideration of whether plaintiffs had presented valid tort claims. 474 Mich 863 (2005). On remand, the Court of Appeals majority, rather than reconsidering its decision, remanded to the trial court to develop the record and "for specific findings as to whether plaintiffs have presented valid tort claims in light of *Henry*, [*supra*]." Unpublished order of the Court of Appeals, entered October 28, 2005 (Docket Nos. 237437-237446). Judge Murray again dissented, repeating his view that "plaintiffs' claims, to the extent they were based upon the fear of future injury, should be dismissed as uncognizable as a matter of law." *Id.*

Judge Murray has correctly opined that plaintiffs' claims should be dismissed. In *Henry, supra* at 73, this Court held that "if the alleged damages cited by plaintiffs were incurred in anticipation of possible future injury rather than in response to present injuries, these pecuniary losses are not derived from an injury that is cognizable under Michigan tort law." Plaintiffs allege that they suffered from emotional distress caused by the possibility of being exposed to infectious diseases from the improperly disinfected endoscopes. In other words, plaintiffs allege that they suffered injury because of their fear of infection. Plaintiffs do not allege that they actually contracted an infection from exposure to the endoscopes. Thus, plaintiffs' tort claims are based on a fear of possible future injury and are precluded as a matter of law. *Id.* Further, plaintiffs are precluded from claiming that by virtue of this potential exposure to infectious diseases, they have suffered an "injury" in the form of the pain and expense of medical monitoring. *Id.*

CAVANAGH and KELLY, JJ., would deny leave to appeal.

---

[1] The panel also held that the record was insufficient to determine whether plaintiffs' negligence claims were based on medical malpractice or negligence.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 5, 2006

*Corbin R. Davis*

Clerk

p0502